# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 21-174


**OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST,**

**D/B/A OPELOUSAS GENERAL HEALTH SYSTEM**

**VERSUS**

**LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY**

**D/B/A BLUE CROSS/BLUE SHIELD OF LOUISIANA**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 16-C-3647-C
HONORABLE LEDRICKA THIERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHARON DARVILLE WILSON**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.


**AFFIRMED.**

**Michael William Magner**
**Jones, Walker**
**201 St. Charles Ave., 51st Fl.**
**New Orleans, LA 70170**
**(504) 582-8266**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**Richard Allen Sherburne, Jr.**
**Attorney At Law**
**P.O. Box 98029**
**Baton Rouge, LA 70898**
**(225) 295-2116**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**Joseph C. Giglio, Jr.**
**Liskow & Lewis**
**P. O. Box 52008**
**Lafayette, LA 70505-2008**
**(337) 232-7424**
**COUNSEL FOR INTERVENOR APPELLEE:**
    **Blue Cross Blue Shield Association**

**Patrick Craig Morrow, Sr.**
**Morrow, Morrow, Ryan & Bassett**
**324 W Landry Street**
**Opelousas, LA 70570**
**(337) 948-4483**
**COUNSEL FOR PLAINTIFF APPELLEE:**
    **Opelousas General Hospital Authority, A Public Trust**

**Stephen Barnett Murray**
**Murray Law Firm**
**701 Poydras St., Ste. 4250**
**New Orleans, LA 70139**
**(504) 525-8100**
**COUNSEL FOR PLAINTIFF APPELLEE:**
    **Opelousas General Hospital Authority, A Public Trust**

**James Alcee Brown**
**Liskow & Lewis**
**701 Poydras, Ste 5000**
**New Orleans, LA 70139-5099**
**(504) 581-7979**
**COUNSEL FOR INTERVENOR APPELLEE:**
    **Blue Cross Blue Shield Association**

**Thomas Allen Filo**
**Cox, Cox, & Filo**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF APPELLEE:**
    **Opelousas General Hospital Authority, A Public Trust**

**Mark Aaron Cunningham**
**Jones, Walker, Waechter, Poite**
**201 St. Charles Ave, 51st Flr**
**New Orleans, LA 70170-5100**
**(504) 582-8266**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**Pride Justin Doran**
**Doran & Cawthorne, PLLC**
**P. O. Box 2119**
**Opelousas, LA 70571**
**(337) 948-8008**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**Douglas Michael Chapoton**
**Attorney At Law**
**P. O. Box 98029**
**Baton Rouge, LA 70898**
**(225) 295-2116**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**Arthur M. Murray**
**Murray Law Firm**
**701 Poydras St., Ste. 4250**
**New Orleans, LA 70139**
**(504) 525-8100**
**COUNSEL FOR PLAINTIFF APPELLEE:**
    **Opelousas General Hospital Authority, A Public Trust**

**Michael C. Drew**
**Jones, Walker**
**201 St. Charles Ave., 51st Fl**
**New Orleans, LA 70170**
**(504) 582-8318**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**Graham H. Ryan**
**Jones, Walker, LLP**
**201 St. Charles Ave., 51st Fl.**
**New Orleans, LA 70170**
**(504) 582-8266**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**Jessica W. Chapman**
**Attorney At Law**
**P. O. Box 98029**
**Baton Rouge, LA 70898**
**(225) 295-2116**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**Raven C. Boxie**
**Doran & Cawthorne, P.L.L.C.**
**P. O. Box 2119**
**Opelousas, LA 70571**
**(337) 948-8008**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**William E. Kellner**
**Liskow & Lewis**
**P. O. Box 52008**
**Lafayette, LA 70505-2008**
**(337) 232-7424**
**COUNSEL FOR INTERVENOR APPELLEE:**
    **Blue Cross Blue Shield Association**

**Ryan M. Kantor**
**Morgan, Lewis & Bockius**
**1111 Pennsylvania Ave., NW**
**Washington, DC 20004-2541**
**(202) 739-5343**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Louisiana Health Service & Indemnity Company**

**WILSON, Judge.**

In this anti-trust class action, Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (BCBSLA), along with the Louisiana Commissioner of Insurance, Louisiana Department of Insurance, and the Blue Cross Blue Shield Association (the Association) appeal the trial court's denial of BCBSLA's motion to strike the motion for partial summary judgment filed by Plaintiff Class. For the following reasons, we affirm the trial court's denial of the motion to strike.

I.

## ISSUES

Although BCBSLA asserted several assignments of error in brief, as several of these assignments address the motion for summary judgment rather than the motion to strike, the only issues we must decide in this appeal are:

  (1)  whether the trial court erred in considering a partial summary judgment with respect to less than all claims and claimants in the class action without certifying a sub class; and

  (2)  whether the trial court erred by not requiring Plaintiffs to amend their petition to add a new unpleaded theory as to BCBSLA's liability under La.R.S. 51:122.

II.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Opelousas General Hospital Authority, a Public Trust d/b/a Opelousas General Health System (Plaintiffs or Plaintiff Class) filed a class action on August 24, 2016, against BCBSLA, alleging BCBSLA engaged in anticompetitive conduct in violation of La.R.S. 51:122 through artificially low

reimbursement rates resulting from contracts between BCBSLA and Louisiana medical providers. At this time, several anti-trust class actions were brought against various Blue Cross Blue Shield entities which were consolidated in a federal Multi-District Litigation in the United States District Court for the Northern District of Alabama. Prior to certification of the class, attempts were made by BCBSLA to remove this case to federal court, but it was ultimately remanded back to Louisiana from the United States Eleventh Circuit Court of Appeal which cited a lack of diversity.

BCBSLA participates in the Blue Card program. Under that program, BCBSLA and Blue Plans from other states sign licensing agreements with the Association for the exclusive use of the Blue Cross and Blue Shield trademarks when contracting insurance in their respective states. Each insurer participates in the Blue Card program whereby patients from out of state Blue Plans can receive the same discounted in-network rates from providers that were negotiated with that state's Blue insurer. Each Blue insurer may only use the Blue trademarks within their respective states.

The plaintiff class here represents Louisiana health providers who entered into contracts, known as provider agreements, with BCBSLA. Those agreements defined the term "member" to include insureds from out of state affiliate Blue Plans, and required the contractual discounts negotiated by BCBSLA for its insureds to also apply to any patient with an out of state Blue Plan receiving care from the Louisiana contractual providers. This suit only involves provider agreements with BCBSLA and asserts only monetary claims under Louisiana Law. The Association filed a petition for intervention which was denied by the trial court and affirmed by this court. *Opelousas Gen. Hosp. Auth. v. La. Health Serv. &*

*Indem. Co.*, 19-265 (La.App. 3 Cir. 11/12/19), 284 So.3d 643, *writ denied*, 19-01912 (La. 1/28/20), 291 So.3d 1060. Class certification was granted by the trial court and affirmed by this court. *Opelousas Gen. Hosp. Auth. v. La. Health Serv. & Indem. Co.*, 19-736 (La.App. 3 Cir. 11/12/19), 283 So.3d 619, *writ denied*, 19-01848 (La. 1/28/20), 291 So.3d 1054.

On October 7, 2020, Plaintiffs moved for partial summary judgment seeking the return of contractual discounts for patients insured by out of state Blue insurers for a portion of the class and excluding those members who were part of a federal settlement. In response, BCBSLA filed a motion to strike on November 2, 2020, requesting that the court strike the motion for partial summary judgment or continue the hearing on the motion to allow for depositions to be taken of Robert Ehlers, the witness Plaintiffs used to exclude disputed claims from billing records. In the motion to strike, BCBSLA argued that Plaintiffs had never pled the theory that formed the basis for the motion for partial summary judgment, and that granting the partial summary judgment to less than all class members on less than all claims violated La.Code Civ.P. arts. 591-592 because Plaintiffs had not moved to certify a subclass. On November 5, 2020, then presiding Judge Alonzo Harris held a phone conference with respect to the motion to strike or continue and stated that he would grant the continuance to allow BCBSLA to conduct discovery with respect to Mr. Ehlers. The motion to strike was set for hearing on December 16, 2020, before the motion for partial summary judgment. At the hearing, the trial court denied the motion to strike and proceeded with the motion for summary judgment. On January 12, 2021, an order denying the motion to strike was signed. On January 13, 2021, BCBSLA filed a motion for suspensive appeal of the order denying the motion.

3

III.

## STANDARD OF REVIEW

Louisiana Code of Civil Procedure Article 964 provides, "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." "The granting of a motion to strike ... rests in the sound discretion of the trial court and is reviewed under the abuse of discretion standard." *Comeaux v. Butcher Air Conditioning Co., Inc.*, 19-154, p. 5 (La.App. 3 Cir. 6/12/19), 274 So.3d 653, 656–57 (quoting *Cole v. Cole*, 18-523, pp. 7-8 (La.App. 1 Cir. 9/21/18), 264 So.3d 537, 544). "Motions to strike are viewed with disfavor and are infrequently granted." *Hazelwood Farm, Inc. v. Liberty Oil & Gas Corp.*, 01-0345, p. 6 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98 *writ denied*, 01-2115 (La. 7/26/01), 794 So.2d 834. "It is disfavored because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic." *Id.* "A motion to strike is only proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party." *Id.*

IV.

## LAW AND DISCUSSION

### Need for Subclass

In their first assignment of error, BCBSLA alleges that the trial court erred by concluding Plaintiffs did not violate La.Code Civ.P. arts. 591-592 by

creating an uncertified subclass. After reviewing the record, we disagree. The code provisions on summary judgment specifically allow that summary judgment may be granted for all or part of the relief prayed for by the moving party. La.Code Civ.P. art 966(A)(1). While La.Code Civ.P. arts. 591-592 spell out the process and requirements for certifying a subclass, BCBSLA points to no law that requires creating a subclass to move forward a motion for partial summary judgment. By its nature, a motion for partial summary judgment requires that not all claims as to all parties are adjudicated. Here, Plaintiffs have sought to dispose of claims on behalf of claimants where there exists no genuine issue of material fact as to their ability to recover. Contrary to BCBSLA's contention, Plaintiffs have not abandoned their claims as to the rest of the class in seeking to make use of the partial summary judgment tool and they specifically reserve their right to later pursue claims on behalf of claimants where there exists a genuine issue of material fact.

In certifying the class, the court has already determined that no divergent interest exists within the class that would necessitate the certification of subclasses. The motion for partial summary judgment does not alter this determination. Accordingly, we find that the trial court did not abuse its discretion in allowing the motion to proceed on behalf of less than all claims and less than all claimants without certifying a subclass.

**New Theory of Liability**

In the next assignment of error that we address, BCBSLA contends that the trial court erred by failing to require Plaintiffs to amend their petition to address a new theory of liability not alleged in the petition. We disagree.

5

The record reveals that Paragraph 11 of the original petition specifically plead the facts and theory that form the basis of the partial summary judgment. Plaintiffs specifically alleged:

> This scheme included not only unlawful agreements to not compete in other Blue Cross/Blue Shield geographic markets (in exchange for exclusive monopolistic reign over the Louisiana market), but also granted other Blue Cross/Blue Shield companies access to its Louisiana contracted rates essentially turning would-be competitors into Louisiana Blue Cross customers or clients instead.

Furthermore, in affirming the class certification, this court noted that Plaintiffs had alleged that BCBSLA's contracting practices "required that Louisiana Blue Cross providers accept Louisiana Blue Cross contracted rates from any other Blue Cross insurer, and excluded any other Blue Cross insurer from entering the Louisiana health insurance marker or contracting for its own reimbursement rates with Louisiana Blue Cross providers." *Opelousas Gen. Hosp. Auth.*, 283 So.3d at 622. BCBSLA's assignment lacks merit. Accordingly, we find that the trial court did not abuse its discretion in failing to require Plaintiffs to amend their petition.

The remaining assignments of error by BCBSLA all pertain to the decision on the motion of partial summary judgment and not the motion to strike. Therefore, we forego any consideration of those assignments in this opinion.

V.

## CONCLUSION

For the foregoing reasons, we find that the trial court did not abuse its discretion in failing to require Plaintiffs to certify a subclass or amend their original petition before proceeding with the motion for partial summary judgment.

6

Therefore, we find that the trial court's denial of the motion to strike was not an abuse of discretion and we affirm the trial court's ruling.

**AFFIRMED.**